By the Court.
This is a proceeding in appropriation under the conservancy act. Upon the trial of the case in the common pleas court it was held that (1) a verdict could be rendered upon a concurrence of three-fourths of the members of the jury; (2) jury fees may be taxed as part of the costs in the case; and (3) the market value of the land to be taken should be determined as of the time of trial and not as of the date of the confirmation of the appraisement by the conservancy court. The court of appeals affirmed the common pleas.
1. The verdict in this case was rendered upon the concurrence of all the jurors, hence there was no prejudice to the plaintiff in error by reason of the instruction with reference thereto. This ques *318 tion, however, has been decided by this court in the case of The Miami Conservancy District v. Mitman et al., ante, 315.
2. By the provisions of- Section 6828-34, General Code, being a portion of the conservancy act, condemnation proceedings instituted as therein authorized, are required to conform to the provisions of the statute regulating appropriation by other than municipal corporations, and in such appropriation proceedings Section 11089, General Code, authorizes the taxing of costs, including jury fees, against the corporation. Detroit Southern Rd. Co. v. Commissioners, 71 Ohio St., 454.
The general provisions of Section 11091, General Code, do not overcome or modify the specific terms of Section 6828-34, General Code. Therefore, in such case jury fees were properly taxable as costs against the plaintiff in error.
3. Section 19, Article I of the Ohio Constitution, provides that “Private property shall ever be held inviolate, but subservient to the public welfare. * * * Where private property shall be taken for -public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.”
Under such provision, before private property can be “taken,” compensation must “first” be-made or secured and such compensation shall be assessed by a jury. Any act of the legislature inconsistent with such constitutional provision would, of course, *319 be invalid. The conservancy act has made ample provision for the assessment of compensation by a jury and expressly provides that land shall not otherwise.be taken. - Under the general provisions of Section 11046, General Code, proceedings in appropriation may not go forward until it is made to appear that the parties cannot agree. As a substitute for such general provision, the conservancy act provides for the appointment of a board of appraisers, which, in addition to other duties assigned, may appraise the value of the land to be taken by the district for which settlement has not been made by the board of directors; and a property owner may accept the appraisals made by such board, and unless he files exception to the report of such board within the time designated by the statute he will be deemed to have accepted the same. In this instance there was a failure to agree, the property owner having filed exceptions to such report. There was, therefore, no “taking” of this property, and could not be under the provisions of the constitution above quoted, without a trial by jury; and, consequently, no “taking” until then. The action of the board of appraisers, even when confirmed by the court, could not deprive the property owner of the rights guaranteed to him by the constitution. Indeed, the conservancy act throughout all its provisions recognizes such right of the owner, and seems to proceed upon the theory, which is the only correct one, that his property belongs to him with no right in the district to molest it until- a determination of its value by a jury and *320 the payment or deposit of the amount of compensation awarded.
It is clear, therefore, that the action of the trial court, holding that the “taking” of said property did not occur on July 30, 1917, the date of the confirmation of the appraisement by the conservancy court, was correct, and, hence, the court properly excluded evidence of market value of the property as of that date and permitted evidence of market value only as of the time of the trial.
The judgment of the court of appeals affirming the court of common pleas is affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.